UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DONALD PERRY, | Case No. 16-CV-0137 (PJS/HB) |
| Plaintiff, | |
| v. | |
| | ORDER |
| BOSTON SCIENTIFIC FAMILY; BOSTON SCIENTIFIC CORPORATION; STEIN, M.D., Chief Medical Officer; BOSTON SCIENTIFIC CARDIAC RHYTHM MANAGEMENT et al.; any Future and any Past John Doe and Jane Doe defendants in their official and individual capacities or job positions, | |
| Defendants. | |

Donald Perry, pro se.

Joseph M. Price, FAEGRE BAKER DANIELS LLP, for defendants.

This matter is before the Court on three motions filed by plaintiff Donald Perry: (1) a motion for a certificate of appealability [ECF No. 60]; (2) a motion for leave to proceed *in forma pauperis* on appeal [ECF No. 61]; and (3) a motion "for reconsideration . . . and clarification of [the] report and recommendation on established federal laws" [ECF No. 62].

*First*, as to Perry's motion for a certificate of appealability:  This is not a habeas proceeding, and thus Perry can appeal without obtaining a certificate of appealability.

*See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Perry's motion for a certificate of appealability is therefore denied.

*Second*, as to Perry's motion for leave to appeal *in forma pauperis* ("IFP"): A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status.  28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a).  To qualify for IFP status, the litigant must demonstrate that he cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Based on the disclosures in Perry's IFP application, the Court finds that Perry is financially eligible for IFP status.

Because Perry is a prisoner, however, the $505 filing fee cannot be waived.  28 U.S.C. § 1915(b); *Henderson v. Norris*, 129 F.3d 481, 483-84 (8th Cir. 1997) (per curiam).  Instead, Perry must pay the filing fee in installments.  *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).  As a general matter, a prisoner is required to pay an initial partial filing fee and then pay the remaining balance through periodic deductions from his prison trust account.  28 U.S.C. § 1915(b).  If the prisoner has no assets and no means to pay the initial partial fee, the entire fee is collected through periodic deductions.  *Henderson*, 129 F.3d at 483-84.  The Court finds that Perry has no assets or income.  Thus, he need not pay an initial partial filing fee, but he will need to pay the entire fee in installments pursuant to § 1915(b)(2).

Finally, because Perry is a prisoner, he may not proceed IFP "if the trial court certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith is demonstrated when a defendant seeks review of any non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Court is satisfied that Perry's lawsuit was properly dismissed and that he has no meritorious grounds for appeal. But the Court will not deem Perry's appeal to be "frivolous" as that term has been defined by the Supreme Court. Therefore, the Court finds that Perry's appeal is taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3).

*Third*, as to Perry's motion for reconsideration and clarification: Perry previously sought identical relief through a virtually identical submission. *See* ECF No. 55. The Court denied Perry's motion in an order dated January 4, 2017. ECF No. 57. Perry now moves for reconsideration of that denial, but he does not state any new grounds justifying the relief he seeks. *Compare* ECF No. 55, *with* ECF No. 62. Accordingly, Perry's motion for reconsideration and clarification is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for a certificate of appealability [ECF No. 60] is DENIED.

2. Plaintiff's motion to proceed *in forma pauperis* on appeal [ECF No. 61] is GRANTED. The entire $505 filing fee must be paid over time in accordance with 28 U.S.C. § 1915(b)(2).

3. Plaintiff's motion for reconsideration and for clarification of report and recommendation on established federal laws [ECF No. 62] is DENIED.

Dated: February 27, 2017                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge